HANNAH EMMETT v. JOELLA EMMETT et al.

DOWER. *Homestead. Alien.* If an alien husband, after desertion of his wife, settles in this State, and dies, leaving an alien wife, she is entitled to dower in the lands of her deceased husband, but is not entitled to homestead.

FROM DAVIDSON.

Appeal from the Chancery Court at Nashville.    A. G. MERRITT, Ch.

J. P. HELMS for complainant.

SMITH & ALLISON, JOHN M. GAUT and A. MC-CLAIN for defendants.

FREEMAN, J., delivered the opinion of the court.

Complainant claims dower and homestead in certain real property situated in Edgefield, Davidson county, Tennessee, under the following state of facts:

24—VOL. 14.

She is a citizen of Bradford, in the county of York, England, and intermarried with one Joseph Emmett, a citizen of England, in said county of York, where they resided for several years as husband and wife, when the said Joseph deserted his wife, without cause, came to Nashville, and about 1870, married defendant, Joella, by whom he had several children. He died in 1878, leaving his supposed wife and children. The real estate [left has been assigned to defendant, Joella, as homestead and dower, and this bill is brought to recover it by the first wife, are the facts stated.

The assumed husband dying in 1878, the law then existent is to govern the rights of the parties. Possession in the head of the family was required in order to its existence. This was changed afterwards by the act of 1879.

We need only say, as to this claim, that by the clause of the Constitution giving or providing for the homestead right in our State, it is treated as an exemption from sale under legal process, and only to be aliened by the consent of the wife. It belongs to the class of laws known as exemption laws, and these have been uniformly held only to apply to, and be for the benefit of, our own citizens. See Article 11, section 11, Constitution.

Mr. Thompson, in his work on Homestead, section 91, says: "The general rule is, notwithstanding difficulties may attend its application, that domicile in any State is necessary to entitle a person to a homestead right therein." This would be the result under the holding of this court, that a removal from the State

by the wife, is an abandonment or forfeiture of the right; and this is conclusive of the claim of complainant, for it could not be held that if she had been a citizen and had removed from the State to England, that the right would not exist, and yet, she being a citizen and resident of a foreign government— not even naturalized in the United States, both at the death of the husband and now—shall have homestead in lands here. .

The next question is, can she have dower? The case is, if an alien husband, who after desertion of wife abroad, settles in this State, leaving an alien wife who claims this right, can such a widow claim dower?

Section 3244 (new Code), substantially the act of Legislature of ancient date in our State, is: "If any person die intestate, leaving a widow, she shall be entitled to dower in one-third part of all lands of which her husband *died seized and possessed,* or of which he was equitable owner."

The common law on the subject of the domestic relations, and especially that of husband and wife, is the law of this State, except as modified by our statutes: *McCorry* v. *King's heirs,* 3 Hum., 267. At common law, an alien could acquire a defeasible title to land by devise or purchase, but he could take no title by mere operation of law, as under the laws of descent, of dower, or of curtesy: Waite's Act. & Def., vol. 6, page 460; 2 Kent's Com., 54. See also numerous cases cited by Waite, page 460.

The question then, is, have our statutes changed or modified this rule? They will be found embodied in

new Code from section 2804 to section 2807, and sub-sections. By first of these sections, "an alien resident may take and hold property, real and personal, in this State, either by purchase, descent or devise, and dispose of and transmit same by sale, descent or devise, as a native citizen, and in all cases where aliens, resident or non-resident, have heretofore acquired title to property, real or personal, in this State, in a lawful manner, said aliens, their assigns, heirs, devisees or representatives shall hold and dispose of the same in the same manner as native citizens." This is substantially the act of 1875.

The next section provides, "the heir or heirs of an alien, whether resident or non-resident of the United States, may take any lands so held, by descent or otherwise, as citizens of the United States."

The next section gives the right to hold, sell, alienate or convey any property, real or personal, that may descend to such alien under the above provisions, in as simple a manner as if he or she were a citizen of the United States. The other sub-sections provide for the mode of descent and distribution when any person dies a resident of this State without issue, when nearest of kin are devisees. These are the substance of all the enactments of our Legislature removing disabilities of aliens as existent at common law. They provide for holding property, both real and personal, by aliens, for its sale, descent and distribution, and disposition by will, but there is no express provision for removal of the disability to take dower in any of these sections.

Emmett *v.* Emmett.

While it is generally laid down, as we have quoted, an alien widow is not dowable by that law, the reason given is that an alien, by that law, cannot hold real estate. Being forbidden to hold land by devise or purchase, she could not take by operation of law. But the statutes we have quoted remove all the disabilities of the common law as to acquiring, holding or disposing of lands, and place the alien on the same footing as the citizen in this respect. The reason of the rule having been removed, it has nothing on which to rest in our jurisprudence, and the rule itself ceases, or ought to cease, unless some principle of public policy should demand its continuance. We see none in this case, in view of the removal of all disabilities by the Legislature on the part of aliens to acquire, hold and dispose of real estate.

The statute, in terms, gives dower in all cases where persons die intestate, leaving a widow, seized and possessed. An alien now may be seized and possessed of lands in our State, and there is no reason why his widow should not be endowed of such lands any more than that his alien heir should inherit, yet the statute has not authorized this. If this widow had removed to this State with her husband, lived here with him, and he had died, she surviving him, we take it no one would have doubted her claim. The fact that she resides abroad can make no difference in principle, as she would equally have been an alien, notwithstanding her residence, and would equally have been excluded on the same view that would exclude the present claimant.

---

Bradley *v.* Railroad Company.

---

The Supreme Court of Missouri so ‖held under stat-utes less broad than ours, removing disabilities of aliens to hold property in that State. The reasoning of that court is in the same line as that we have presented, and we think the correct view.

The Report of the Referees is disapproved, the de-cree of the chancellor reversed as to dower, and the case remanded for further proceedings, with costs of this court.